1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

6
7
8
9
10
11
12
13

ALVARO LOPEZ CABRERA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

SOUTH VALLEY ALMOND COMPANY, LLC, a California limited liability company; AGRESERVES, INC., a Utah corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. 1:21-CV-00748-AWI-JLT

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

(Doc. No. 7)

14

15    Defendant AgReserves, Inc. ("AgReserves") moves to dismiss the Complaint in this

16  putative wage and hour class action in its entirety under Rule 12(b)(6) of the Federal Rules of

17  Civil Procedure. Doc. No. 7. For the reasons set forth below, the motion will be granted in part

18  and denied in part.

19                                      **BACKGROUND**

20    Plaintiff Alvaro Lopez Cabrera filed this putative class action against South Valley

21  Almond Company, LLC ("South Valley") and AgReserves (together with South Valley,

22  "Defendants") in Kern County Superior Court on April 1, 2021. Doc. No. 1-1 at 2, 3:5-11 & 3:14.[1]

23    As alleged in the Complaint, South Valley is a "client employer" that "procures workers"

24  from AgReserves and AgReserves is a "labor contractor" that provides workers to South Valley.

25  Doc. No. 1-1 at 3:24-26, 4:4-6. Plaintiff worked for Defendants in California as a non-exempt

26  employee approximately from July 2012 through April 2020. Id. at 3:17-19. His duties "included,

27

28  [1] Unless otherwise noted, page citations to documents filed with the Court electronically are to the page number in the CM/ECF stamp at the top of each page.

1   but were not limited to, harvesting, piling, and cleaning almonds as well as tractor driving,

2   irrigating, machine maintenance, and general labor." Id. at 3:14-17. The Complaint recites claims

3   "on behalf of Plaintiff and all other current and former non-exempt California employees

4   employed by or formerly employed by Defendants," id. at 3:5-11, for (1) failure to pay overtime

5   wages; (2) failure to pay minimum wages; (3) failure to provide meal periods or payment in lieu

6   thereof; (4) failure to provide rest periods or payment in lieu thereof; (5) waiting time penalties

7   for failure to timely pay all wages earned and due upon discontinuation of employment; (6) failure

8   to issue accurate wage statements; (7) failure to indemnify employees for business expenses; and

9   (8) unfair competition in violation of section 17200 of the California Business and Professions

10  Code. Id. at 10:9-18:26.

11          The Court denied Plaintiff's motion to remand. See Doc. No. 8. On this motion,

12  AgReserves seeks dismissal of the Complaint in its entirety under 12(b)(6) of the Federal Rules of

13  Civil Procedure for failure to state a claim. Doc. No. 7.

14                              **LEGAL FRAMEWORK**

15          Under Rule 12(b)(6), a cause of action may be dismissed where a plaintiff fails "to state a

16  claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6)

17  may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged

18  under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir.

19  2011); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121−22 (9th Cir. 2008). To

20  survive a Rule 12(b)(6) motion for failure to allege sufficient facts, a complaint must include a

21  "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

22  P. 8(a)(2). Compliance with this rule ensures that the defendant has "fair notice of what the ...

23  claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

24  (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

25  Under this standard, a complaint must contain sufficient factual matter to "state a claim to relief

26  that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550

27  U.S. at 570) (internal quotation marks omitted). A claim has facial plausibility when the plaintiff

28  pleads factual content that allows the court to draw the reasonable inference that the defendant is

1  liable for the alleged misconduct. Id. at 663 (citation omitted).

2      In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as

3  true and construed in the light most favorable to the nonmoving party. See Mollett v. Netflix, Inc.,

4  795 F.3d 1062, 1065 (9th Cir. 2015); Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th

5  Cir. 2008). Courts are not, however, "required to accept as true allegations that contradict exhibits

6  attached to the Complaint or matters properly subject to judicial notice, or allegations that are

7  merely conclusory, unwarranted deductions of fact, or unreasonable inferences," Seven Arts

8  Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoted

9  source and internal quotation marks omitted); and complaints that offer no more than "labels and

10 conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556

11 U.S. at 678; Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015).

12     If a motion to dismiss is granted, "a district court should grant leave to amend even if no

13 request to amend the pleading was made, unless it determines that the pleading could not possibly

14 be cured by the allegation of other facts." Henry A. v Willden, 678 F.3d 991, 1005 (9th Cir. 2012)

15 (quoted source omitted).

16                 **DISCUSSION**

17     The Court addresses the parties' arguments regarding the sufficiency of the Complaint

18 below, starting with Plaintiff's claims for overtime, minimum wage, meal break premiums and

19 rest break premiums, which the Court refers to collectively herein as "claims for unpaid wages."

20 The Court then turns to Plaintiff's claims for unreimbursed business expenses, waiting time

21 penalties (for wages due upon discontinuation of employment), inaccurate wage statements, and

22 unfair competition, as well as argument raised with respect to Plaintiff's class allegations.

23 **A.   Claims for Unpaid Wages (First, Second, Third and Fourth Causes of Action)**

24     In Landers v. Quality Comm., Inc., the Ninth Circuit held that "at a minimum, a plaintiff

25 asserting a violation of the [Federal Labor Standards Act ('FLSA')] overtime provisions must

26 allege that she worked more than forty hours in a given workweek without being compensated for

27 the hours worked in excess of forty during that week." 771 F.3d 638, 645 (9th Cir. 2015), as

28 amended (Jan. 26, 2015) (citations omitted). Further, the Landers court stated that "[a] plaintiff

may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit [a] court to find plausibility." Id.

AgReserves argues, citing to *Boon v. Canon Business Solutions, Inc.*, 592 F. App'x 631 (9th Cir. 2015) and *Byrd v. Masonite Corp.*, 2016 WL 756523 (C.D. Cal. 2016), that the pleading standard set forth in *Landers* as to overtime claims under the FLSA also applies to claims for overtime pay, minimum wage, meal break violations and rest break violations under the California Labor Code. See Doc. No. 7 at 10:5-13, 12:19-24. Plaintiff contends that *Landers* sets forth a heightened pleading standard that applies only to FLSA claims. See Doc. No. 9, Part IV.A.

In *Boon*, the Ninth Circuit applied *Landers* in the context of a claim for unpaid overtime under the Labor Code. See Boon, 592 F. App'x at 632. Specifically, the *Boon* court stated as follows:

> *Landers*, for the first time, articulated this Court's requirements for stating a wage claim under *Twombly* and *Iqbal*. *Landers* held that "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Landers*, 771 F.3d at 644 …. *Landers* also held that plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages.

Id. at 632. In applying this standard, the *Boon* court found that the plaintiff had stated a claim for unpaid overtime wages under the Labor Code in that he "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week." Id.

The court in *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *3 (C.D. Cal. Nov. 30, 2020) found that *Boon* "harmonizes *Landers* with Federal Rule of Civil Procedure 8's general pleading standard that plaintiffs must plead more than 'labels and conclusions,' but need not undertake the 'cumbersome' practice of 'set[ting] out in detail the facts upon which he bases his claim.' " Id. (quoting Twombly, 550 U.S. at 555 & n.3). Further, the *Sagastume* court found that *Landers* should not be read to "ratchet up the general pleading standard such that it would resemble the Rule 9 particularity standard," while recognizing that "conclusory allegations that merely recite [] statutory language" are not adequate. Id.

4

In other words, the *Sagastume* court read *Boon* to confirm that "wage claims" under the Labor Code are subject to the Rule 8 pleading standard. The Court agrees with *Sagastume* in that respect, but nonetheless finds that Plaintiff fails to state an overtime claim, minimum wage claim, meal break claim or rest break claim under California law. See Sagastume, 2020 WL 8175597 at *3 (analyzing plaintiff's "meal break, rest break, overtime pay, and minimum wage claims" under the pleadings standard set forth in *Landers* and *Boon*).

Taking Plaintiff's overtime claim, for example, Section 510, subdivision (a), of the Labor Code states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510, subd. (a). California Industrial Welfare Commission ("IWC") Wage Order 5-2001, similarly, states that an employee "shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek." Cal. Code Regs. tit. 8, § 11050(3)(A)(1).

Plaintiff, for his part, alleges as follows:

> For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

Doc. No. 1-1 ¶¶ 11, 35. The Complaint contains no other material allegations regarding overtime work or overtime wages. In short, the Complaint does no more than recite statutory language and thus fails to state an overtime claim. See Byrd, 2016 WL 756523 at *4 ("In the employment class action context, courts have repeatedly rejected [] allegations that simply recite the statutory language setting forth the elements of the claim, and then slavishly repeat the statutory language as

to the purported factual allegations." (quoting <u>Ovieda v. Sodexo Operations, LLC</u>, 2012 WL 1627237, at *3 (C.D. Cal. May 7, 2012) (internal quotation marks omitted) and collecting cases); <u>see also</u> <u>Anderson v. Blockbuster Inc.</u>, 2010 WL 1797249, at *2-4 (E.D. Cal. May 4, 2010) (dismissing complaint alleging that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" and that "Defendants willfully failed to pay all overtime").

The allegations in the Complaint with respect to minimum wages, meal breaks and rest breaks follow the same pattern—parroting statutes and regulations without setting forth facts—and thus are also insufficient to state a claim. <u>See</u> <u>Weigele v. FedEx Ground Package Sys.</u>, 2010 WL 4723673, at *4-5 (S.D. Cal. Nov. 15, 2010) (dismissing complaint alleging that "Defendant required Plaintiffs to work ... without being given a 30–minute meal period for shifts of at least five hours" and "without being given paid ten[-]minute rest periods for every four hours or major fraction thereof").

**B.     Claim for Unreimbursed Business Expenses (Seventh Cause of Action)**

Section 2802, subdivision (a), of the Labor Code provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties ...." Cal. Labor Code § 2802, subd. (a).

Plaintiff alleges as follows:

> For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: purchase of scissors, safety glasses, gloves, and safety vests.

Doc. No. 1-1 ¶ 78. Further, Plaintiff alleges that "[d]uring that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures." <u>Id.</u> ¶ 79.

These allegations are but slightly distinguishable from the language of section 2802. Further, they fail to nudge the claim from mere possibility to plausibility in that they are based on information and belief as to Plaintiff himself, and Plaintiff fails to adduce a single example from

his own work history with Defendants in which he made an expenditure or suffered a loss. And finally, even assuming Plaintiff purchased scissors and such without reimbursement, there are no factual allegations in the Complaint supporting a reasonable inference that such purchases were "incurred in consequence of the discharge of [his] duties." See Brecher v. Citigroup Glob. Markets, Inc., 2011 WL 3475299, at *8 (S.D. Cal. Aug. 8, 2011) (also stating that "[w]ithout more, the statement that 'necessary expenditures' were made without reimbursement is precisely the type of bare assertion and conclusory statement that the Supreme Court has held insufficient to survive a motion to dismiss"). The claim for unreimbursed business expenses will therefore be dismissed.

**C.      Waiting Time, Wage Statement and Unfair Competition Claims (Fifth, Sixth and Eighth Causes of Action)**

Plaintiffs' claims for failure to pay all wages due upon termination ("waiting time" claim) and failure to provide accurate wage statements are similarly insufficient because they merely restate applicable law, without alleging any facts (from Plaintiff's own work history or otherwise) supporting a reasonable inference of wrongdoing on the part of Defendants. See Doc. No. 1-1 ¶ 62 (Defendants "at times … failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202 …"), ¶ 70 ("Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements …"); Anderson v. Blockbuster Inc., 2010 WL 1797249, at *2-7 (E.D. Cal. May 4, 2010) (dismissing claims for waiting time penalties and inaccurate wage statements because "Plaintiff only recite[d] the law before making a legal conclusion referencing the Defendant"). Further, the Court agrees with AgReserves that these claims fail to the extent they are predicated on other claims set forth in the Complaint. Cf. White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007) (granting summary judgment in favor of defendant on claim for inaccurate wage statements on grounds that they were derivative of failed "off-the-clock and missed break claims").

Finally, Plaintiff's claim for unfair competition in violation of section 17200 of the

1  Business and Professions Code is predicated entirely on Defendants' supposed violations of the

2  Labor Code. Doc. No. 1-1 ¶ 83 ("Due to their unlawful business practices in violation of the Labor

3  Code, Defendants have gained a competitive advantage over other comparable companies doing

4  business in the State of California that comply with their obligations to compensate employees in

5  accordance with the Labor Code."). Since Plaintiff fails to allege any Labor Code violations,

6  Plaintiff's section 17200 must also be dismissed. See White, 497 F. Supp. 2d at 1089-90; Ritenour

7  v. Carrington Mortg. Servs. LLC, 228 F. Supp. 3d 1025, 1034 (C.D. Cal. 2017) (dismissing unfair

8  competition claim on grounds that it was based on failed claims).

9  **D.    Class Allegations**

10         AgReserves argues that Plaintiff's class claims should be dismissed—or that Plaintiff's

11  class allegations should be struck[2]—because Plaintiff's class allegations "merely parrot language"

12  of Rule 23 of the Federal Rules of Civil Procedure (setting forth requirements for the certification

13  of class claims).  Doc. No. 7 at 17:24-26. AgReserves cites a few cases in which courts have

14  dismissed or struck class allegations at the pleading stage, but the Court agrees with Plaintiff that,

15  generally speaking, such issues are more properly addressed at the class certification stage. See

16  Morrelli v. Corizon Health, Inc., 2019 WL 918210, at *13 (E.D. Cal. Feb. 25, 2019) (finding that

17  it was "inappropriate [] to dismiss [] class allegations under [] Rule 12(b)(6) or strike them under

18  Rule 12(f)" at the pleading stage). Moreover, the Court sees no useful purpose in examining class

19  allegations until Plaintiff has demonstrated that he can state an individual claim for relief. See

20  Castanon v. Winco Holdings, Inc., 2021 WL 4480846, at *5 (E.D. Cal. Sept. 30, 2021).

21  //

22  //

23                                **CONCLUSION**

24         For the foregoing reasons, AgReserves's motion to dismiss will be granted as to all eight

25  _____

26  [2] In addition to seeking dismissal of class claims under Rule 12(b)(6), Doc. No. 7 at 3:7-8, AgReserves's notice of
motion calls for "an order striking Plaintiff's class definition pursuant to Federal Rule of Civil Procedure 12(f)." Id. at

27  2:9-11. There is no reference to Rule 12(f), however, in AgReserves's memoranda. To the extent AgReserves
intended to bring a separate Rule 12(f) motion to strike, it will be denied. See Billington v. United Nat. Foods, Inc.,

28  2020 WL 5763824, at *6 (E.D. Cal. Sept. 28, 2020).

causes of action. Given the nature of the analysis underlying this order, the causes of action will be dismissed as to both AgReserves and South Valley. The Court will grant leave to amend as it appears the pleading could be cured through the allegation of additional facts. The motion to dismiss will be denied to the extent it seeks dismissal of class claims, and AgReserves's Rule 12(f) motion will be denied, to the extent AgReserves's intended to bring one.

## ORDER

Accordingly, IT IS HERBY ORDERED that:

1.  AgReserves's motion to dismiss (Doc. No. 7) is GRANTED IN PART and DENIED IN PART as follows:

    a.  Plaintiff's First through Eighth Causes of Action are DISMISSED as to both Defendants; and

    b.  The motion is DENIED as to Plaintiff's class claims;

2.  To the extent AgReserves intended to bring a motion to strike Plaintiff's class allegations under Rule 12(f), the motion to strike is DENIED;

3.  Plaintiff is GRANTED LEAVE to file an amended pleading not later than twenty-one (21) days after the date of electronic service of this order;

4.  Defendants will have twenty-one (21) days from the date of electronic service of an amended pleading to answer or otherwise respond to the amended pleading; and

5.  If Plaintiff fails to file an amended pleading within twenty-one (21) days from the date of electronic service of this order, this action will be dismissed, in its entirety, without further notice to the parties.

IT IS SO ORDERED.

Dated:   December 16, 2021                    _____

                                             SENIOR  DISTRICT  JUDGE