1   David D. Bibiyan (Cal. Bar No. 287811)
    *david@tomorrowlaw.com*
2   Diego Aviles (Cal. Bar No. 315533)
    *diego@tomorrowlaw.com*
3   Sara Ehsani-Nia (Cal. Bar No. 326501)
    *sara@tomorrowlaw.com*
    **BIBIYAN LAW GROUP, P.C.**
4   8484 Wilshire Boulevard, Suite 500
    Beverly Hills, California 90211
5   Telephone: (310) 438-5555; Facsimile: (310) 300-1705

6   Attorneys for Plaintiff, ALVARO LOPEZ CABRERA, on
    behalf of himself and all others similarly situated

7

8              **IN THE UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11  | ALVARO LOPEZ CABRERA, on behalf of himself and all others similarly situated, | CASE NO.: 1:21-CV-00748-AWI-JLT |
12  | | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
13  | Plaintiffs, | 1. FAILURE TO PAY OVERTIME WAGES; |
14  | v. | 2. FAILURE TO PAY MINIMUM WAGES; |
15  | | |
16  | SOUTH VALLEY ALMOND COMPANY, LLC, a California limited liability company; AGRESERVES, INC., a Utah corporation; and DOES 1 through 100, inclusive, | 3. FAILURE TO PROVIDE MEAL PERIODS; |
17  | | |
18  | | 4. FAILURE TO PROVIDE REST PERIODS; |
19  | Defendants. | |
20  | | 5. WAITING TIME PENALTIES; |
21  | | 6. WAGE STATEMENT VIOLATIONS; |
22  | | |
23  | | 7. FAILURE TO INDEMNIFY; and |
24  | | 8. UNFAIR COMPETITION. |
25  | | **DEMAND FOR JURY TRIAL** |
26  | | [Amount in Controversy Exceeds $25,000.00] |
27

28

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

                        CLASS ACTION COMPLAINT

COMES NOW plaintiff ALVARO LOPEZ CABRERA ("Plaintiff"), on behalf of Plaintiff and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.       This is a Class Action, pursuant to Code of Civil Procedure section 382, against SOUTH VALLEY ALMOND COMPANY, LLC, and any of its respective subsidiaries or affiliated companies within the State of California ("SOUTH VALLEY"), AGRESERVES, INC., and any of its respective subsidiaries or affiliated companies within the State of California ("AGRESERVES" and, together with SOUTH VALLEY and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A.    Plaintiff

2.       Plaintiff is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, harvesting, piling, and cleaning almonds as well as tractor driving, irrigating, machine maintenance, and general labor.  Plaintiff is informed and believes that Plaintiff worked for Defendants from approximately July of 2012 and through approximately April of 2020.  During his employment, Plaintiff regularly worked approximately five (5) to six (6) days per week on shifts that were typically greater than ten (10) and twelve (12) hours in length.  Plaintiff was paid (or purportedly paid) an hourly rate of $14.65 for his services, at or around the time his employment with Defendants ended.

### B.    Defendants

3.       Plaintiff is informed and believes and based thereon alleges that defendant SOUTH VALLEY is, and at all times relevant hereto was, a limited liability

company organized and existing under and by virtue of the laws of the State of California and doing business in the County of Kern, State of California.   Plaintiff is further informed and believes and based thereon alleges that SOUTH VALLEY is a "client employer" within the meaning of Labor Code section 2810.3, that procures workers from AGRESERVES.   At all relevant times herein, defendant SOUTH VALLEY employed Plaintiff and other similarly situated and aggrieved employees within the State of California.

4.        Plaintiff is informed and believes and based thereon alleges that defendant AGRESERVES is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Utah and doing business in the County of Kern, State of California.   Plaintiff is further informed and believes and based thereon alleges that AGRESERVES is a "labor contractor" within the meaning of Labor Code section 2810.3, that provides workers to SOUTH VALLEY.    At all relevant times herein, defendant AGRESERVES employed Plaintiff and other similarly situated and aggrieved employees within the State of California.

5.        The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other

CLASS ACTION COMPLAINT

defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include SOUTH VALLEY, AGRESERVES, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

6.      Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

7.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.      Additionally, Plaintiff is informed and believes that Defendants, and each of them, operate out of the same location (*i.e.*, 15443 Beach Avenue, Wasco, California 93280), share policy documents, share corporate officers, and work in the same line of business.  Plaintiff was additionally provided with documents which named both SOUTH VALLEY and AGRESERVES.

/ / /

9.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

10.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

11.     Venue is proper in Kern County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Kern County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Kern County, and because Defendants employ numerous Class Members in Kern County.

## FACTUAL BACKGROUND

12.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; by requiring Plaintiff and Class Members to suffer under Defendants' control to complete pre-shift tasks before clocking in (including by having to wait in

lines to clock in), and failing to include non-discretionary bonuses, incentive pay, and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay, to the detriment of Plaintiff and Class Members. For instance, Plaintiff was required to suffer under Defendants' control on every shift by having to wait in line in order to clock in because Defendants only had one time clock for Plaintiff and his co-workers to use.  Plaintiff estimates that he would wait anywhere from two (2) to five (5) minutes in line—time for which he was not compensated for.  Additionally, Plaintiff regularly worked over 100 hours per bi-weekly pay period (and sometimes more than 130 hours).  For example, the pay period between November 11, 2019 through November 24, 2019 (pay date of November 29, 2019), Plaintiff's paystub shows that he worked 102.50 hours which were paid (or purportedly paid) at the regular rate of pay, that he worked 11.45 hours at the overtime rate of pay, and that he received ten (10) hours of vacation pay.  By way of separate check, also paid (or purportedly paid) on November 29, 2019, Plaintiff received an incentive payment of $2,077.74, which was not included into Plaintiff's regular rate of pay for the pay period ending on November 24, 2019 where Plaintiff worked overtime.  Additionally, there are instances where Defendants paid Plaintiff at the incorrect rate of pay, even when not accounting for non-discretionary bonuses.  For instance, on April 21, 2017, Plaintiff's regular rate of pay was $11.45 per hour. However, his paystub shows that his overtime rate of pay is $17.14, when it should have been $17.17 ($11.45 x 1.5 OT Rate).

13.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all minutes actually worked at their regular rate of pay that is above the minimum wage and by requiring Plaintiff and Class Members to suffer under Defendants'

control to complete pre-shift tasks before clocking in (including by having to wait in lines to clock in) to the detriment of Plaintiff and Class Members.  For instance, Plaintiff was required to suffer under Defendants' control on every shift by having to wait in line in order to clock in because Defendants only had one time clock for Plaintiff and his co-workers to use.  Plaintiff estimates that he would wait anywhere from two (2) to five (5) minutes in line—time for which he was not compensated for.

14.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.  For instance, Plaintiff did not record his meal periods, but is informed and believes that Defendants nevertheless implemented an auto-deduct policy, where a thirty (30) minute meal period was automatically deducted from his wages, irrespective of whether or not Plaintiff or other Class Members had in fact been provided with a meal period. Moreover, during the relevant time period, Plaintiff states that meal periods were at times interrupted by a supervisor, but that no additional time or compensation in lieu thereof was provided for said interruptions.  Plaintiff estimates that an interruption occurred approximately once per week.  Additionally, despite working more than ten (10) hours per shift, and at times, more than twelve (12) hours per shift, Plaintiff was not provided a second meal period of compensation in lieu thereof.

15.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.  As

stated above, Plaintiff regularly and consistently worked shifts greater than four (4) hours in length and sometimes more than twelve (12) hours per shift during the relevant time period.  However, rest periods were at times interrupted by a supervisor, but not additional time or compensation was provided for said interruptions.  Plaintiff estimates that an interruption occurred approximately once per week.  Additionally, despite working more than ten (10) hours per shift, and at times, more than twelve (12) hours per shift, Plaintiff was at times, not provided with a third rest period or provided compensation in lieu thereof.

16.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202.  For instance, Defendants communicated to Plaintiff his termination on or about April 10, 2020.  However, Defendants did not issue Plaintiff his final paycheck until approximately a week later. Plaintiff's final paystub additionally did not include all of his unpaid wages, considering the off-the-clock work and owed overtime wages discussed above. Additionally, given the off-the-clock work described above, Plaintiff is informed and believes that he is further owed vacation hours that he should have earned, but that were not included on his final paystub, in further violation of Labor Code 227.3.

17.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a).  As stated above, Plaintiff suffered under Defendants' control while waiting in line to clock in and alleges that he was not paid all his overtime wages due at the proper overtime rate

of pay.  Plaintiff was paid incentive payments and/or non-discretionary bonuses via separate paystub, which should have been included as part of his regular paystub, so that the incentive payments could be included in Plaintiff's regular rate of pay for purposes of calculating Plaintiff's overtime rate of pay.  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

18.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in purchasing tools necessary to perform work duties, including without limitation, scissors, safety glasses, gloves, and safety vests.  For instance, Defendants' policies required that Plaintiff and Class Members wear safety glasses, to wear a safety vest, and to wear proper protective equipment, including gloves.  However, Plaintiff was not provided these materials by Defendants when he presented himself for work.  Thus, to complete his job duties and comply with Defendants' policies, Plaintiff purchased scissors to help cut trees for approximately $25, he spent approximately $5 per month on safety glasses, $10 per week on gloves, and purchased one safety vest for approximately $20.  Plaintiff was not reimbursed for these costs. Plaintiff is additionally informed and believes that other Class Members additionally bought tools to use on the machines they worked on, but were not reimbursed for purchase of said tools.

19.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2802,  and California Code of Regulations, Title 8, sections 11080 or 11130, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, other such provisions of California law, and reasonable attorneys' fees and costs.

/ / /

20.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

21.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

22.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

23.      This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.   Numerosity

24.      The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

25.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

26.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned, including all earned and vested vacation pay?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

/ / /

CLASS ACTION COMPLAINT

J.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

L.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

M.   Are Class Members entitled to costs and attorneys' fees?

N.   Are Class Members entitled to interest?

**C.   <u>Typicality</u>**

27.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.   <u>Adequacy of Representation</u>**

28.   Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.   <u>Superiority of Class Action</u>**

29.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason

1   of Defendants' policies and/or practices that have resulted in the violation of the Labor

2   Code at times, as set out herein.

3       30.      Class action treatment will allow Class Members to litigate their claims

4   in a manner that is most efficient and economical for the parties and the judicial

5   system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the

6   management of this action that would preclude its maintenance as a class action.

7   **<u>FIRST CAUSE OF ACTION</u>**

8   **(Failure to Pay Overtime Wages – Against All Defendants)**

9       31.      Plaintiff realleges and incorporates by reference all of the allegations

10  contained in the preceding paragraphs as though fully set forth hereat.

11      32.      At all relevant times, Plaintiff and Class Members were employees or

12  former employees of Defendants covered by Labor Code sections 510, 1194 and

13  1199, as well as applicable Wage Orders.

14      33.      At all times relevant to this Complaint, Labor Code section 510 was in

15  effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in

16  excess of eight hours in one workday and any work in excess of forty hours in any

17  one workweek . . . shall be compensated at the rate of no less than one and one-half

18  times the regular rate of pay for an employee."

19      34.      At all times relevant to this Complaint, Labor Code section 510 further

20  provided that "[a]ny work in excess of 12 hours in one day shall be compensated at

21  the rate of no less than twice the regular rate of pay for an employee.  In addition, any

22  work in excess of eight hours on any seventh day of a workweek shall be compensated

23  at the rate of no less than twice the regular rate of pay."

24      35.      Four (4) years prior to the filing of the Complaint in this Action through

25  the present, Plaintiff and Class Members, at times, worked for Defendants during

26  shifts that consisted of more than eight (8) hours in a workday and/or more than forty

27  (40) hours in a workweek, and/or seven (7) consecutive workdays in a workweek,

28  without being paid overtime wages for all hours worked as a result of, including but

not limited to, Defendants failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; by requiring Plaintiff and Class Members to suffer under Defendants' control to complete pre-shift tasks before clocking in (including by having to wait in lines to clock in), and failing to include non-discretionary bonuses, incentive pay, and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay, to the detriment of Plaintiff and Class Members.

36.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

37.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

38.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

39.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

40.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours

worked or otherwise under Defendants' control.

41.      For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage and by requiring Plaintiff and Class Members to suffer under Defendants' control to complete pre-shift tasks before clocking in (including by having to wait in lines to clock in), to the detriment of Plaintiff and Class Members.

42.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

43.      Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## **THIRD CAUSE OF ACTION**

### **(Failure to Provide Meal Periods – Against All Defendants)**

44.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

45.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

46.      Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.   Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

47.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

48.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.  As stated above, Plaintiff did not record his meal period hours.  Rather, Plaintiff is informed and believes that Defendants implemented an auto-deduct policy that automatically deducted thirty (30) minutes from an employee's time entries, irrespective of whether an employee was actually provided with a compliant meal period.  Additionally, Plaintiff estimates that his meal periods were interrupted approximately once per week and that he was not provided a second meal period (or compensation in lieu thereof) when he worked more than ten (10) hours per shift, and at times, more than twelve (12) hours per shift.

49.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

50.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

51.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

52.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

53.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

54.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

55.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

56.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times,

Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.  As stated above, Plaintiff estimates that his rest periods were interrupted approximately once per week during his employment and that at times, he did not receive his third rest period despite working more than ten (10) and sometimes twelve (12) hours per shift.

57.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

58.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

59.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

60.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

61.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

/ / /

62.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

63.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide wages mentioned above (including the earned and vested vacation pay), failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.  Moreover, despite informing Plaintiff of his termination on or about April 9, 2020, Defendants did not issue Plaintiff his final pay stub until approximately a week later.

64.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

65.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

/ / /

66.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

67.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## **SIXTH CAUSE OF ACTION**

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

68.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

69.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

70.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and the name and address of the entity securing the services of the farm labor contractor who employed Plaintiff and Class Members, among other things.

71.     Plaintiff alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other

things.  As stated above, Defendants not only failed to provide accurate paystubs by failing to account for the off-the-clock work, by failing to provide for the proper overtime rates of pay, but Defendants also provided Plaintiff and Class Members with incentive payments and/or non-discretionary bonuses via separate check, which were not factored into Plaintiff and Class Members' regular rate of pay for purposes of calculating their overtime rate.

72.    Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

73.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

74.    Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

75.    Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

76.       Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

77.       At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

78.       Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

79.       For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: purchase of scissors, safety glasses, gloves, and safety vests.  Defendants required that Plaintiff use these items to complete his job duties but did not provide them to Plaintiff, thus requiring that he purchase them himself, without reimbursement.

80.       During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures.

81.       As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

82.       Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## **EIGHTH CAUSE OF ACTION**

### **(Unfair Competition – Against All Defendants)**

83.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

84.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

85.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

86.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

87.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## **DEMAND FOR JURY TRIAL**

88.     Plaintiff demands a trial by jury on all causes of action contained herein.

/ / /

/ / /

CLASS ACTION COMPLAINT

# **PRAYER**

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.   An order certifying this case as a Class Action;

B.   An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.   Damages for all wages earned and owed, including minimum and overtime wages under Labor Code sections 510, 1194, 1197 and 1199;

D.   Liquidated damages pursuant to Labor Code section 1194.2;

E.   Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

F.   Penalties for inaccurate wage statements under Labor Code section 226, subdivision (e);

G.   Waiting time penalties under Labor Code section 203;

H.   Damages under Labor Code sections 2802;

I.   Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

J.   Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

K.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

L.   For attorneys' fees in prosecuting this action;

M.   For costs of suit incurred herein; and

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

N.    For such other and further relief as the Court deems just and proper.

Dated:  January 6, 2022          BIBIYAN LAW GROUP, P.C.


                                 BY: /s/ *Diego Aviles*
                                     DIEGO AVILES
                                 Attorneys for Plaintiff ALVARO LOPEZ
                                 CABRERA on behalf of himself and all others
                                 similarly situated

CLASS ACTION COMPLAINT

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90021.

On January 6, 2022, I served the following document(s) described as **PLAINTIFF'S FIRST AMENDED COMPLAINT;** on

Richard D. Marca
Christopher S. Milligan
Robert A. Escalante
VARNER & BRANDT LLP
3750 University Avenue, Suite 610
Riverside, California 92501

**Counsel for Defendants**

The above document(s) were served on the interested parties in this action as follows:

*All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-reference case number.*

BY ELECTRONIC MAIL:  As follows:  I am readily familiar with our office's practice of electronic mail transmission; on this date the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 6, 2022 at Beverly Hills, California.


 */s/ Diego Aviles*
Diego Aviles

---