UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO LOPEZ CABRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH VALLEY ALMOND COMPANY, LLC, *et al*.<br><br>Defendants. | Case No. 1:21-cv-00748-NODJ-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 42)<br><br>Clerk of Court to Assign District Judge |

On April 1. 2021, Plaintiff Alvaro Lopez Cabrera ("Plaintiff") filed a complaint in the Superior Court of California, County of Kern, asserting claims on behalf of himself and a putative class against Defendants South Valley Almond Company, LLC, and AgReserves, Inc. ("Defendants"). (Doc. 1). In 2021, Plaintiff filed a separate state court action, Case No. BCV-21-100722, on behalf of the State of California for Civil Penalties under the California Private Attorneys General Act of 2004, pursuant to Labor Code section 2698 *et seq* ("PAGA Action").

On January 6, 2022, Plaintiff filed the operative, first amended class action complaint. (Doc. 21). Defendants filed answers to the first amended complaint on February 7, 2022. (Docs. 26-27). On August 3, 2023, the parties filed a notice of settlement. (Doc. 37).

Pending before the Court is the parties' joint stipulation to dismiss Plaintiff's complaint without prejudice. (Doc. 42). The parties stipulate to dismiss Plaintiff's individual claims and

1  putative class members' claims without prejudice.  *Id*.  The parties intend to stipulate to filing an
2  amended complaint in the PAGA Action to add Plaintiff's class action claims currently before
3  this Court, and Plaintiff shall seek preliminary approval of both class action and PAGA claims in
4  the PAGA Action.  *Id*.

5  The parties' stipulation of dismissal comports with the requirements of Fed. R. Civ. P.
6  41(a)(1)(ii) and Plaintiff is entitled to dismiss his individual claims (at least) without court order.
7  In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the
8  class has been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a
9  (1) "certified class" or (2) "class <u>proposed to be certified for purposes of settlement</u> ... may be
10 settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P.
11 23(e) (emphasis added).

12 In this case, the parties jointly seek to dismiss the putative class claims under Rule
13 41(a)(1) without prejudice and reassert them in the PAGA Action.  (Doc. 42).  No class has been
14 certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of
15 settlement.  Because no class has been certified in this case, and because any dismissal would not
16 affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the
17 parties' settlement or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed.
18 Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff
19 before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into
20 her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175*
21 *& 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

22 In light of the parties' filing the Court finds that Rule 23(e) does not require the Court's
23 approval of the dismissal.  This action shall be terminated by operation of law without further
24 order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78
25 (9th Cir. 1999).

26 Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a district judge for
27 the purpose of closing this case and then to CLOSE the case and adjust the docket to reflect
28 / / /

voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(ii), with each party to bear that party's own attorney's fees and costs.

IT IS SO ORDERED.

Dated: **February 5, 2024**

UNITED STATES MAGISTRATE JUDGE

3